KAREN P. HEWITT
United States Attorney
PAUL L. STARITA
Assistant U.S. Attorney
California State Bar No. 219573
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6507
Email: paul.starita@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0986-JAH |
| Plaintiff, | ) ) | DATE:        May 5, 2007 |
| | ) | TIME:         8:30 a.m. |
| v. | ) ) | UNITED   STATES'   RESPONSE   AND |
| BAUDELIO TIZOC-RAMIREZ, | ) | OPPOSITION TO DEFENDANT'S   MOTIONS |
| | ) | TO: |
| Defendant. | ) ) | (1)     PRESERVE EVIDENCE AND COMPEL |
| | ) | DISCOVERY; AND |
| | ) | (2)     GRANT  LEAVE  TO  FILE  FURTHER |
| | ) | MOTIONS. |
| | ) ) | TOGETHER WITH STATEMENT OF FACTS |
| | ) | AND   MEMORANDUM   OF   POINTS   AND |
| | ) | AUTHORITIES |
| | ) | |

COMES NOW, the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel,

KAREN P. HEWITT, United States Attorney, and Paul L. Starita, Assistant United States Attorney, and

hereby files its Response and Opposition to the defendant's above-referenced motions together with

Statement of Facts and Memorandum of Points and Authorities.  This Response and Opposition is based

upon the files and records of the case.

//

//

//

//

1

**I**

2

**STATEMENT OF THE CASE**

3          On April 1, 2008, a federal grand jury in the Southern District of California returned a two-count

4    Indictment charging defendant BAUDELIO TIZOC-RAMIREZ ("Defendant") with (i) importing

5    approximately 3.20 kilograms (7.04 pounds) of methamphetamine into the United States in violation

6    of 21 U.S.C. §§ 952 and 960, and (ii) possessing approximately 3.20 kilograms (7.04 pounds) of

7    methamphetamine with intent to distribute  in violation of  21 U.S.C. § 841(a)(2).  Defendant was

8    arraigned on the Indictment on April 1, 2008, and pleaded not guilty.

9

**II**

10

**STATEMENT OF THE FACTS**

11    **A.    PRIMARY INSPECTION AREA**

12          On March 17, 2008, at approximately 6:44 p.m., Defendant, the driver and sole occupant of a

13    green 2001 Dodge Ram pick-up truck bearing Baja California, Mexico, license plates (# BM98211), was

14    selected for further inspection while Customs and Border Protection ("CBP") Officers were conducting

15    roving inspection operations in the pre-primary lanes at the Calexico, California, East Port of Entry.

16    When CBP Officer Bryant approached Defendant, Defendant presented his Permanent Resident Alien

17    Card.  In response to CBP Officer Bryant's questions, Defendant stated that he lived in Mexicali,

18    Mexico, he was traveling to Yuma, Arizona, to purchase a vehicle, the vehicle he was driving belonged

19    to his uncle, and he had nothing to declare.    CBP Officer Bryant inspected the engine compartment of

20    the pick-up truck and noticed that the manifold area had fingerprint smudges on it and had fresh tool

21    marks on the bolts. CBP Officer Bryant removed the vacuum hose from the intake manifold and found

22    an obstruction.  At this point, CBP Officer Bryant asked Defendant the year of the vehicle and

23    Defendant responded that it was a 2001.  CBP Officer Bryant then asked Defendant for the vehicle

24    registration.  When Defendant handed over the vehicle registration, CBP Officer Bryant noticed that

25    Defendant's hand was shaking.  Upon further inspection of the manifold area, CBP Officer Bryant

26    removed the air filter and had CBP Officer Holguin open the throttle.  CBP Officer Bryant then saw a

27    non-factory metal box concealed inside the manifold.  At this point, Defendant was taken into custody

28    and the pick-up truck was driven to the Secondary Inspection area for further processing.

**B.    SECONDARY INSPECTION AREA**

During further inspection of the pick-up truck's manifold, CBP Officers discovered 7 bags of a white crystal substance that field tested positive for the presence of methamphetamine. The total weight of these bags was approximately 3.20 kilograms (7.04 pounds).

**C.    DEFENDANT'S POST-*MIRANDA* STATEMENT**

On the same day, at approximately 10:00 p.m., Immigration and Customs Enforcement ("ICE") Special Agent Leon advised Defendant of his <u>Miranda</u> rights in the Spanish language with the assistance of an acknowledgment and waiver of rights form. Defendant stated that he understood his rights and was willing to speak with the Agents without the benefit of counsel. In sum, Defendant denied knowledge of the methamphetamine and described how he came into possession of the vehicle that he drove to the Port of Entry. The advisement of rights and Defendant's statement were memorialized on a digital video disk ("DVD").

**III**

**POINTS AND AUTHORITIES**

**A.    PRODUCTION OF DISCOVERY AND PRESERVATION OF EVIDENCE**

The United States has and will continue to fully comply with its discovery obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure. Today, the United States produced 92 pages of discovery to Defendant's counsel, including investigative reports and Defendant's statements.

**1.    Defendant's Statements**

The United States will disclose to Defendant the substance of any relevant oral statement made by Defendant, before or after arrest, in response to interrogation by a person Defendant knew was a government agent if the United States intends to use the statement at trial. The United States will also disclose and make available for inspection, copying or photographing the following: (1) any relevant written or recorded statement by the defendant if the statement is within the United States' possession, custody, or control, and the attorney for the United States knows--or through due diligence could know

– that the statement exists,[1] (2) that portion of any written record containing the substance of any relevant oral statement made before or after arrest if Defendant made the statement in response to interrogation by a person Defendant knew was a government agent, and (3) Defendant's recorded testimony before a grand jury relating to the charged offense, if any.

**2.    Arrest Reports and Notes**

The United States has already produced to Defendant all reports and notes known to the United States relating to Defendant's arrest in this case and will continue to comply with its discovery obligations.

**3.    Brady Material**

The United States has complied and will continue to comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963).

**4.    Prior Record**

The United States has provided Defendant with a copy of Defendant's known prior criminal record under Rule 16(a)(1)(D).  See United States v. Audelo-Sanchez, 923 F.2d 129, 130 (9th Cir. 1990).  Should the United States determine that there are any additional documents pertaining to Defendant's prior criminal record, those will be promptly provided to Defendant.

**5.    404(b) Material**

The United States will disclose, in advance of trial, the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Federal Rule of Evidence 404(b).

**6.    Evidence Seized**

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.

---

[1]    However, "the Government is not obligated by Rule 16(a) to anticipate every possible defense, assume what the defendant's trial testimony...will be, and then furnish the defendant with otherwise irrelevant material that might conflict with the defendant's testimony."  United States v. Gonzalez-Rincon, 36 F.3d 859, 865 (9th Cir. 1994) (citation omitted).

08CR0986-JAH

**7.    Preservation of Evidence**

The United States has no opposition to a preservation order.

**8.    Tangible Objects**

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The United States, however, need not produce rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**9.    Witnesses**

The United States will provide a list of witnesses in its trial memorandum, including law enforcement witnesses. The grand jury transcript of any person who will testify at trial will also be produced.

**10.    Jencks Act Material**

The United States will comply with its discovery obligations under the Jencks Act, Title 18, United States Code, Section 3500, and as incorporated in Rule 26.2.

**11.    Giglio Material**

The United States has complied and will continue to comply with its discovery obligations under Giglio v. United States, 405 U.S. 150 (1972).

**12.    Reports of Examinations and Tests**

The United States will provide Defendant with any scientific tests or examinations in accordance with Rule 16(a)(1)(F).

**13.    Henthorn Material**

The United States will comply with its obligations under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir.

2002) (<u>citing</u> <u>United States v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992)).  If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an <u>in</u> <u>camera</u> inspection and review.

**14.    Cooperating Witnesses**

At this time, the United States is not aware of any confidential informants or cooperating witnesses involved in this case.  The Government must generally disclose the identity of informants where: (1) the informant is a material witness, and (2) the informant's testimony is crucial to the defense.  <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957).  If there is a confidential informant involved in this case, the Court may, in some circumstances, be required to conduct an <u>in</u> <u>camera</u> inspection to determine whether disclosure of the informant's identity is required under <u>Roviaro</u>.  <u>See</u> <u>United States v. Ramirez-Rangel</u>, 103 F.3d 1501, 1508 (9th Cir. 1997).  If the United States determines that there is a confidential informant or cooperating witness who is a material witness with evidence helpful to the defense or essential to a fair determination in this case, the United States will either disclose the identity of the informant or submit the informant's identity to the Court for an <u>in</u> <u>camera</u> inspection.

**15.    Expert Witnesses**

The United States will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703 or 705.

**B.    LEAVE TO FILE FURTHER MOTIONS**

The United States does not oppose Defendant's request to file further motions if they are based on new discovery or other information not available to Defendant at the time of this motion hearing.

//
//
//
//
//
//
//

6

08CR0986-JAH

1

## IV

## <u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant's motions except where unopposed.

DATED: April 28, 2008                    Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

*/s/ Paul L. Starita*
PAUL L. STARITA
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0986-JAH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| BAUDELIO TIZOC-RAMIREZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, PAUL L. STARITA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motions to: (1) preserve evidence/compel discovery; and (2) grant leave to file further motions, together with statement of facts and memorandum of points and authorities on the following by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.    Elizabeth M. Barros, Esq.
            Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    1.    N/A.

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2008.

*/s/ Paul L. Starita*
PAUL L. STARITA

8